**IN THE UNITED STATES DISTRICT COURT**
 **FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| TONEY GREENE | * | |
| | * | |
| | * | |
| v. | * | Civil No. – JFM-11-88 |
| | * | |
| WALGREEN CO. | * | |

******

**MEMORANDUM**

Defendant has moved to dismiss many of the claims asserted against it by plaintiff.[1] Plaintiff, who is appearing *pro se*, has responded to the motion. He agrees to the dismissal of his claim for wrongful discharge and for any claim based upon race, age, ethnic heritage, or religious discrimination. The only issue that remains ripe for determination is plaintiff's request that he be permitted to file an amended complaint for his claim for intentional infliction of emotional distress asserted in Count III.

Plaintiff's request for leave to file an amended complaint is denied. It may be that plaintiff's claim for intentional infliction of emotional distress is preempted. *See Baird v. Haith*, 724 F. Supp. 367, 375-76 (D. Md. 1988). Even if the claim is not preempted, however, it is clear that any amendment to plaintiff's complaint would be futile because the wrongful conduct alleged against defendant - the failure to accommodate his disability – is not sufficiently "outrageous" to give rise to a cause of action under Maryland law. Although the alleged misconduct may be actionable, it is remedial solely through the Americans With Disabilities Act.

---

[1] Plaintiff has not moved to dismiss the claim asserted by plaintiff for disability discrimination. Plaintiff has sought leave to file an amended complaint as to that claim. However, no such amendment is necessary since defendant has not moved to dismiss the claim.

1

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.


Date: July 11, 2011                    /s/_____
                                       J. Frederick Motz
                                       United States District Judge